IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEARNS BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 3:25-cv-00341 |
| v. | ) |
| | ) Chief Judge William L. Campbell, Jr. |
| SMART SCAPES, LLC and CONSTANCE S. SCHMUTZ, | ) Magistrate Judge Jeffery S. Frensley ) ) |
| Defendants. | ) |

# ORDER

Pending is Plaintiff's Motion for Entry of Default against Defendants Smart Scapes, LLC and Constance S. Schmutz pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 12). For the following reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part without prejudice**.

Plaintiff filed its original complaint on March 26, 2025. (Doc. No. 1). On March 27, 2025, summons was issued as to "Smart Scapes, LLC c/o Constance Schmutz, as Registered Agent" and "Constance S. Schmutz." (Doc. No. 5). On April 29, 2025, Plaintiff filed Proof of Service declarations signed by Kevin Faherty, stating he left the summons for both the individual, Constance S. Schmutz, and the limited liability company, Smart Scapes, LLC, with Phillip Schmutz at 832 W. Hillwood Dr. Nashville, TN. (Doc. Nos. 9 and 10). Plaintiff filed the pending Motion on June 17, 2025. (Doc. No. 12).

Pursuant to Local Rule 55.01(a), motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (1) proof of service; (2) the opposing party's failure to plead or

1

otherwise defend; and if the party is an individual that (3) the individual is not a minor or incompetent; and (4) the individual is not in the military. L.R. 55.01(a). In support of its Motion, Plaintiff submitted the Declaration of Erin Malone-Smolla. (Doc. No. 12-1).

Federal Rule of Civil Procedure 4 authorizes service upon an individual by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(B). Based upon a review of the Faherty Proof of Service Declaration, (Doc. No. 9), the Malone-Smolla's Declaration, (Doc. No. 12-1), and the record as a whole, the Clerk finds that Plaintiff has met the requirements of Local Rule 55.01(a) and Federal Rule 55(a), and entry of default is proper as it relates to the individual defendant, Constance S. Schmutz. The same cannot yet be said of the limited liability company.

A limited liability company may be served by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment of law to receive serve of process." Fed. R. Civ. P. 4(h)(1)(B). It may also be served in the manner prescribed by the Tennessee Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). When serving a limited liability company pursuant to Tennessee law, a plaintiff must deliver "a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).

In this case, Plaintiff did not personally serve Constance S Schmutz, who is identified in Tennessee Secretary of State Records as the registered agent for service of process for Smart Scapes, LLC.[1] Instead, Plaintiff served Phillip Schmutz, who, according to Faherty's Proof of

---

[1] https://tncab.tnsos.gov/business-entity-search (last accessed Nov. 10, 2025).

Service Declaration, "accept[ed]s service *with permission* on 4/23/2025." (Doc. No. 10) (emphasis added). The fact that Phillip Schmutz accepted the summons "with permission" from someone suggests he is not an individual authorized to accept service pursuant to Fed. R. Civ. P. 4(h)(1)(B).

Tennessee allows registered agents like Ms. Schmutz to appoint, either expressly or impliedly, sub-agents to accept process on behalf of corporate defendants. *Hall v. Haynes*, 319 S.W.3d 564, 575 (Tenn. 2010). "A principal may expressly give actual authority to the agent in direct terms, either orally or in writing." *Id.* at 573. Implied authority, on the other hand, "can be circumstantially established through conduct or a course of dealing between the principal and agent." *Hall v. Haynes*, 319 S.W.3d 564, 573 (Tenn. 2010). However, "implied authority must be predicated on some act or acquiescence of the principal, rather than the actions of the agent." *Id.* (internal citations omitted). With respect to service of process, "the record must contain evidence that the defendant intended to confer upon the agent the specific authority to receive and accept service of process for the defendant. Acting as the defendant's agent for some other purpose does not make the person an agent for receiving service of process. Nor is the mere fact of acceptance of process sufficient to establish agency by appointment." *Id.* (internal citations omitted). Plaintiff offers no evidence to support the notion that Constance Schmutz, either orally or in writing, expressly conferred upon Phillip Schmutz the authority to serve as her sub-agent for service of process. Mr. Schmutz willingness to accept service is simply insufficient to establish the existence of an expressly authorized agency relationship. "[U]nder Tennessee agency principles, express authority comes from a principal's manifestations to an agent, not the agent's manifestations to a third party." *Bryce Co., LLC v. Fed. Ins. Co.*, No. 09-02664, 2010 WL 11602403, at *3 (W.D. Tenn. Oct. 4, 2010). As a result, Plaintiff has provided insufficient information at this time to establish that Phillip Schmutz is an individual authorized to accept

service of process on behalf of the limited liability company.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). In this case, the Clerk finds that Plaintiff has not provided information sufficient to verify proof of service upon Smart Scapes, LLC as required by Local Rule 55.01(a)(1). Of course, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

For the reasons stated herein, Plaintiff's Motion for Entry of Default, (Doc. No. 12), as to Constance S. Schmultz is **GRANTED**, and its Motion as to Smart Scapes, LLC is **DENIED without prejudice**.

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court